IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
August 6, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

MENGYANG LI,
Grievant Below, Petitioner

v.) No. 25-ICA-368   (Grievance Bd. Docket No. 2018-1475-SU)

SHEPHERD UNIVERSITY,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Mengyang Li appeals the Dismissal Order entered by the West Virginia Public Employees Grievance Board ("Board") on August 12, 2025, based on petitioner's failure to appear at a scheduled status conference. Respondent Shepherd University filed a response.[1] Petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The Court previously detailed many of the underlying facts giving rise to petitioner's grievance in the related matter of *Li v. Shepherd University*, No. 25-ICA-121, 2025 WL 3496907 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision). Further, because the scope of this appeal is limited to the narrow question of whether the Board's dismissal of the petitioner's grievance constitutes reversible error, our recitation of the facts will be brief.

Petitioner was formerly employed by respondent as a professor. The present grievance arose after respondent denied petitioner's application for promotion in April 2018. For reasons not germane to this appeal, the grievance was held in abeyance pending resolution of petitioner's earlier-filed grievance against respondent concerning a different matter, as well as petitioner's state and federal litigation against respondent related to the denial of his promotion, among other issues. Eventually, the Board entered an order in April 2023 directing the parties to submit agreed dates for the purpose of scheduling a status hearing. The parties informed the Board that they agreed to December 4, 2023,

---

[1] Petitioner is self-represented. Respondent is represented by Tracey B. Eberling, Esq.

1

December 7, 2023, December 11, 2023, and December 18, 2023, as proposed hearing dates.

The Board notified the parties by email on December 13, 2023, that a status hearing was scheduled for December 18, 2023, to be held by video conference. The Board sent a second email on December 14, 2023, containing the link for the video conference. Both emails were sent to the parties' email addresses of record. It is undisputed that petitioner's email address remained consistent throughout the grievance proceedings and that neither email was returned as undeliverable. Petitioner failed to appear for the hearing.

On January 5, 2024, the Board issued a show cause order to petitioner for his failure to appear at the December 18, 2023, hearing. *See* W. Va. Code R. § 156-1-6.16.[2] Petitioner responded on January 17, 2024, asserting that he did not receive the Board's December 13 or December 14 hearing-related emails. On August 12, 2025, the Board entered the Dismissal Order now on appeal.

In that order, the Board noted that the grievance had an unusual and lengthy procedural history and that petitioner had taken no action in the case since January 17, 2024, when he responded to the show cause order. Addressing petitioner's response, the Board found his explanation not plausible. It noted that petitioner had used the same email address throughout the proceeding and had successfully communicated with both respondent and the Board using that address. The Board therefore concluded that it was more likely than not that petitioner received its correspondence regarding the status hearing. The Board further found that petitioner's failure to appear supported dismissal of the grievance. This appeal followed.

Our standard of review is established by the West Virginia Administrative Procedures Act, which states:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

---

[2] This regulation states:

> Failure to Appear -- If neither the grievant nor the grievant's representative, if applicable, appears for a scheduled grievance hearing, the administrative law judge may issue a show cause order, requiring the grievant to show good cause for the grievant's absence, and advising that the failure to respond with a set time limit will result in the dismissal of the grievance for failure to prosecute.

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021).

On appeal, petitioner raises three arguments, all of which challenge the wording of certain portions of the Board's order or dispute aspects of the procedural history as recited by the Board. He also asserts that he is dissatisfied with how he worded his January 2024 response to the show cause order and offers a revised response for the Court's consideration. We find no merit in these contentions. Not only do none of petitioner's arguments squarely address the basis of the Board's ruling, but in his appellate brief he concedes that he later located the very emails he had claimed not to receive and that they were delivered, on the dates sent, to his email address.

The Court has regularly noted that on appeal, a petitioner must affirmatively establish error in the record below. *See, e.g.*, *Workforce W. Va. v. Carpenter*, No. 23-ICA-19, 2023 WL 7202671, at *3 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision); *Thornton v. Poorman*, No. 24-ICA-4, 2024 WL 4360047, at *2 (W. Va. Ct. App. Oct. 1, 2024) (memorandum decision); *Hallman-Warner v. Bluefield State Univ.*, No. 25-ICA-125, 2025 WL 3496746, at *4 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision); *Mulla v. Ball*, No. 25-ICA-261, 2026 WL 291981, at *2 (W. Va. Ct. App. Feb. 3, 2026) (memorandum decision). Petitioner has not met that burden in this appeal. Thus, we cannot conclude that the Board erred in dismissing petitioner's grievance.

Accordingly, we affirm the Board's Dismissal Order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White